2023 IL App (1st) 1221371-U

FIFTH DIVISION
May 19, 2023

No. 1-22-1371

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| *In re* MARRIAGE OF WEI WEI, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner, | ) ) | |
| and | ) | No. 2019 D 005469 |
| PENG LIU, | ) ) ) | |
| Respondent-Appellant | ) ) | |
| (The Law Office of Tiffany M. Hughes, | ) ) | Honorable Regina A. Scannicchio, |
| Petitioner-Appellee). | ) | Judge, presiding.[1] |

---

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

**ORDER**

¶ 1     ***Held***:  In this marriage dissolution case, we hold that the circuit court correctly entered a fee award against the husband and in favor of his former attorney, even though the court

---

[1] Pursuant to Illinois Supreme Court Rule 330 (eff. July 1, 2017), we have corrected the caption in this matter and hereby direct the clerk of this court to correct the docket accordingly.

had not referred the fee dispute to alternative dispute resolution, because the husband had affirmatively opted out of such alternative dispute resolution.

¶ 2      Respondent Peng Liu challenges the circuit court's order requiring him to pay about $3,400 in attorney fees to his former lawyer who represented him in his divorce case. Liu contends that the circuit court erred by considering his former lawyer's fee petition without referring the dispute to mediation or arbitration, which he argues is required by section 508(c)(4) of the Marriage and Dissolution of Marriage Act. 750 ILCS 5/508(c)(4) (West 2018). We affirm.

¶ 3                                    BACKGROUND

¶ 4      Wei Wei and Peng Liu were married in 2007. On June 25, 2019, Wei petitioned the circuit court for dissolution of marriage, citing irreconcilable differences that have caused the irretrievable breakdown of their marriage.

¶ 5      On March 12, 2020, Liu retained the Law Office of Tiffany M. Hughes (Hughes) to represent him in the dissolution proceedings. The retainer agreement he signed included a statement of his rights and responsibilities, and it explained the procedure for fee disputes in dissolution cases under section 508(c)(4) of the Marriage and Dissolution of Marriage Act. 750 ILCS 5/508(c)(4) (West 2018). Section 508(c)(4) requires that, in the event of a controversy over fees, parties must first seek alternative dispute resolution, such as mediation or arbitration.

¶ 6      Liu paid most of Hughes' requested attorney fees throughout the proceedings. However, a portion remained outstanding. On August 13, 2021, Hughes filed a petition in the circuit court to recover the outstanding fees. The petition was periodically continued, and the matter proceeded to a hearing.

¶ 7      On April 7, 2022, the circuit court conducted a trial on various other issues pending in the dissolution proceedings, but appears it did not address the fee petition that day. The issues

addressed included child support, custody, maintenance, and property distribution. The transcript of the trial does not appear in the record of this appeal. But it does appear in the record of a related appeal, in which Liu challenges the circuit court's later disposition of the issues litigated at the trial.[2]

¶ 8       On April 8, 2022, the court ordered both parties to submit closing arguments and proposed judgments as to the issues litigated during the trial, and continued the matter to June 6, 2022.

¶ 9       On April 11, 2022, the circuit court issued a written order. In relevant part, the court stated that "[Liu] agrees to waive his right to a contribution hearing and Mediation of Attorney's Fees and costs relating to The Law Office of Tiffany M. Hughes' Petition for Final Attorney's Fees and Costs Against Client Pursuant to 508(C) and For Other Relief." (Capitalization in original). It is not clear from the record what prompted the April 11, 2022 order.

¶ 10       On August 1, 2022, the circuit court entered an exhaustive order of dissolution summarizing the evidence adduced at the trial. The order addressed, among other things, child support, retroactive child support, custody, maintenance, and property distribution. It appears that the August 1 order resolved all outstanding issues except for the fee petition at issue in this appeal. The trial order also contained a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just cause to delay enforcement or appeal thereof.

¶ 11       On August 8, 2022, the circuit court resolved the last remaining issue—the fee petition—and ordered Liu to pay Hughes her requested fees of $3,452.75 within 45 days. This hearing was held via videoconference, but Liu has not submitted a transcript of these proceedings for our

---

[2] In the related appeal docketed as no. 1-22-1336, Liu challenges the circuit court's dissolution judgment that was issued about a week before the court's decision on the fee petition in this appeal. Today, we issue a contemporaneous Rule 23 order disposing of that appeal.

review. On September 7, 2022, Liu filed his notice of appeal challenging the circuit court's August 8 order requiring him to pay Hughes.

¶ 12                                    ANALYSIS

¶ 13    On appeal, Liu argues that the circuit court erred by failing to refer the attorney fee dispute to alternative dispute resolution, as required by section 508(c)(4) of the Marriage and Dissolution of Marriage Act. 750 ILCS 5/508(c)(4) (West 2018).

¶ 14    At the outset, we note that the petitioner-appellee, the Law Office of Tiffany M. Hughes, has not filed a responsive brief. However, the record is relatively simple, and the claimed errors are such that we can easily decide them without the aid of the appellee's brief. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We need not reverse simply because the petitioner-appellee failed to file a brief.

¶ 15    Liu filed a notice appeal of the August 8, 2022 fee judgment on September 7, 2022. Since he filed the notice of appeal within 30 days of the fee judgment, and nothing else remained pending at the time, the fee judgment was a final and appealable order, and we have jurisdiction to consider this appeal.

¶ 16    Section 508(c)(4) reads, in relevant part,

No final hearing under this subsection (c) is permitted unless any controversy over fees and costs (that is not otherwise subject to some form of alternative dispute resolution) has first been submitted to mediation, arbitration, or any other court approved alternative dispute resolution procedure, except as follows:

(A) In any circuit court for a single county with a population in excess of 1,000,000, the requirement of the controversy being submitted to an alternative dispute resolution

procedure is mandatory unless the client and the counsel both affirmatively opt out of such procedures…" 750 ILCS 5/508(c)(4) (West 2018).

¶ 17    Liu's retainer agreement contained a description of his rights, which included an explanation of the 508(c)(4) procedure. Pursuant to section 508(c)(4)(A), Liu must have affirmatively opted out of the general requirement of submitting a fee dispute to alternative dispute resolution.

¶ 18    Liu now argues, on appeal, that the circuit court erred in not referring the fee dispute to an alternative arbitration procedure. However, Liu had the opportunity to make this argument in his response to Hughes' petition for fees. Though he checked certain boxes admitting and denying various paragraphs of Hughes' petition, and checked a box stating he has listed additional statements in the response, he did not actually attach any additional statements. Because he failed to raise the section 508(c) issue in his response, he has forfeited his argument. *Softa Group, Inc. v. Scarsdale Development*, 260 Ill. App. 3d 450, 452 (1993) ("An argument not raised in the trial court and presented for the first time on appeal is waived ***.").

¶ 19    Liu's argument fails for a second, independent reason: he affirmatively opted out of the section 508(c) procedure. According to the circuit court's April 11, 2022 order, he "waive[d] his right to a contribution hearing and Mediation of Attorney's Fees and costs." Liu has not submitted for our review a transcript of the circuit court's hearing on the fee petition at issue. In the absence of such a transcript, we presume that the trial court's judgment based on that hearing was correct. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) ("an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.").  Similarly, in the absence of a transcript

of the proceedings in which Liu was found to have waived his right to a 508(c)(4) procedure, we must presume the circuit court's finding on that issue was also correct.

¶ 20                                                     CONCLUSION

¶ 21     Because the record shows, without contradiction, that Liu affirmatively opted out of the alternative dispute resolution regarding the fee dispute, the circuit court did not err by declining to refer the dispute to an alternative arbitration procedure, and we therefore affirm that judgment.

¶ 22     Affirmed.